IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ENID PERALTA,                    )    CIVIL NO. 08-00035 LEK
                                 )
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
NCL AMERICA, INC.,               )
                                 )
          Defendant.             )
_____  )

## ORDER THAT CASE BE DISMISSED WITH PREJUDICE

On September 28, 2009, this Court issued an Order to
Show Cause ("OSC") why pro se Plaintiff Enid Peralta
("Plaintiff") should not be sanctioned for her failure to appear
at a September 24, 2009 status conference.  This Court ordered
Plaintiff to appear in person on October 22, 2009 to respond to
the OSC.

This matter came on for a hearing on the OSC on
October 22, 2009.  Christian Adams, Esq., appeared on behalf of
Defendant NCL America, Inc.  Three calls were made for Plaintiff
and no one answered.  Plaintiff has not sought to be excused from
the hearing or otherwise contacted the Court or Defendant's
counsel indicating that she would be unable to attend the
hearing.

Courts do not take failure to comply with court orders
lightly.  Rule 16(f) provides, in pertinent part:

(1) In General.  On motion or on its own, the
court may issue any just orders, including those

       authorized by Rule 37(b)(2)(A)(ii)-(vii), if a
party or its attorney:
     (A) fails to appear at a scheduling or other
     pretrial conference;
    . . . .
     (C) fails to obey a scheduling or other
     pretrial order.

Rule 37(b)(2)(A)(v) provides that the court may "dismiss[] the action or proceeding in whole or in part[.]"  Fed. R. Civ. P. 37(b)(2)(A)(v).  In addition, Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]"

    Plaintiff failed to appear at the hearing on the OSC. Plaintiff has also failed to prosecute this action.  After weighing the five dismissal factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000),[1] the Court finds that the public interest in expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, the Defendant will not be prejudiced and there are no less drastic alternatives available at this time.

---

   [1]  The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives."  Bautista, 216 F.3d at 841 (citation omitted).

In accordance with the foregoing, this Court hereby orders that this case be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 27, 2009.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**ENID PERALTA V. NCL AMERICA, ET AL.; CIVIL NO. 08-00035 LEK; ORDER THAT CASE BE DISMISSED WITH PREJUDICE**

3